UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANGELO DI VEROLI,

    Plaintiff

v.

OCEAN FRONT PROPERTIES LLC,

    Defendant

                                                  /

Case No.1:19-vc-5817-JHR-KMW

## CONSENT DECREE AND ORDER FOR INJUNCTIVE RELIEF, DAMAGES AND ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS

1. Plaintiff ANGELO DI VEROLI filed a Complaint in this action (the "Action") on February 14, 2019, to enforce provisions of the Americans with Disabilities Act Title III, 42 U.S.C. § 12181 *et seq.*, and New Jersey civil rights laws, and to obtain recovery of damages for discriminatory experiences, denial of access, and denial of civil rights against, among others, Defendant Ocean Front Properties, LLC (hereinafter "Ocean Front") relating to disability discrimination at The Grand Hotel, located at 1045 Beach Avenue, Cape May, NJ 08204. Plaintiff has alleged that the defendants in the Action violated Title III of the ADA, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e).

2. Ocean Front Properties, LLC filed a Proposed Order for Extension of Time to File an Answer to the Complaint on March 27, 2019, which this Court Granted on the same date.

3. Without agreeing to the truth of any of Plaintiff's allegations as set forth above in the operative pleading or otherwise in this Action, which allegations Defendant expressly denies, Plaintiff and Defendant agree that it is in the Parties' best interests, and Plaintiff believes it is in the public interest, to fully and finally resolve this Action on mutually agreeable terms without resort to protracted litigation. Therefore, Plaintiff and Defendant hereby agree and stipulate to the

1

following Consent Decree ("Consent Decree"), which the Court will retain jurisdiction to enforce for twenty-four (24) months after the date it is signed.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. *See also* 28 U.S.C. § 2201 and § 2202. Venue is appropriate in this District pursuant to 28 U.S.C. §1391.

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiffs claims against Defendant for injunctive relief that have arisen out of the subject Complaint.

6. It is understood and agreed that this settlement is the compromise of a disputed claim, and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said released deny liability therefor and intend merely to avoid litigation and buy their peace. Neither this Consent Decree nor any payment pursuant thereto shall be construed as an admission of any liability, such being expressly denied. Defendant's agreement to enter into this Consent Decree cannot be used as evidence of a violation of the ADA.

7. Within ninety (90) days from the entry of this order, Defendant shall complete the necessary modifications to their infrastructure, policies and procedures to fully implement each of the requirements in attached Exhibit A – Remediation Addendum.

8. Within ten (10) days of the entry of this Consent Decree, Defendant shall pay to Plaintiff's counsel of record seven thousand and five-hundred dollars ($7,500) (the "Settlement Amount") payable in a single check made payable to the Legal Justice Advocates Trust Account. Plaintiff understands and acknowledges that third parties may be indemnifying Defendant and, to that end, these third parties may be responsible to pay Defendant all or any portion of the Settlement. Notwithstanding this indemnification, Defendant is responsible to deliver the Settlement Amount to Plaintiff irrespective of the timing of receipt of the contribution by others to the Settlement Amount.

9. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Action that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the Action, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the Action, whether the same are known, unknown, or hereafter discovered or ascertained.

10. Except for all obligations required in this Consent Decree and Order, each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, affiliates, joint

ventures, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Action.

11. This Consent Decree constitutes the entire Consent Decree between Plaintiff and Defendant. No other statement, promise, or Consent Decree, either written or oral, made by any Party or agents of any Party, that is not contained in or contradicts this written Consent Decree shall be enforceable.

12. The parties hereto intend that this Consent Decree is intended to benefit all disabled individuals and not exclusively the Plaintiff to this action.

13. Each Party to this Consent Decree represents, warrants, and agrees as to himself or itself as follows:

    A. No Party to this Consent Decree has made any statement or representation to any other Party to this Consent Decree regarding any fact relied upon by any other Party in entering into this Consent Decree, and each Party has not relied upon any statement, representation, or promise of any other Party (or of any representative or attorney of or for the other Party), in executing this Consent Decree, or in making the settlement provided for herein, except as expressly stated in this Consent Decree.

    B. Each Party to this Consent Decree has made such investigation of the facts pertaining to the matters addressed in this Consent Decree and of all the matters pertaining thereto as it deems necessary.

    C. Each Party has read this Consent Decree and understands the contents hereof, and has executed this Consent Decree voluntarily and without duress or undue influence on the part of or on behalf of any other Party.

14. Each Party has not heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, and cause or causes of action released or

4

waived by this Consent Decree including, without limitation, any claims, demands or causes of action relating to the Action.

15. The Parties, and each of them, covenant and agree never to commence, or in any way, prosecute or cause or permit to be commenced or prosecuted any action or proceeding based on any claims which are released or intended to be released, waived or otherwise resolved, pursuant to this Consent Decree, only except to the extent necessary to enforce the terms of this Consent Decree.

16. If any provision of this Consent Decree is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable for any reason, in whole or in part, the remaining portions of this Consent Decree will nevertheless continue with full force and effect, and the Parties agree a court of competent jurisdiction will have jurisdiction to reform such provision(s) to the extent necessary to cause it to give maximum legal effect to the intention of the Parties as expressed herein and the Parties agree to be bound by such reformation.

17. The Parties acknowledge that their respective attorneys have reviewed and drafted this Consent Decree, and the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting Party shall not be employed in the interpretation of this Consent Decree.

18. This Consent Decree may be executed in counterparts, including electronic signatures and electronic copies such as PDFs, which, when counterparts have been executed by all of the Patties, shall constitute this Consent Decree.

19. The individuals signing this Consent Decree represent that they are authorized to bind their respective Party to this Consent Decree.

20. THIS CONSENT DECREE REPRESENTS THE FINAL AGREEMENT AMONG THE PARTIES WITH RESPECT TO RESOLUTION OF THE SUBJECT MATTER HEREOF, AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS AMONG THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS AMONG THE PARTIES.

Date: 5-14 2019      Plaintiff: ANGELO DI VEROLI

*Angelo Di Veroli* (signature)

Date: 5-8 2019      Defendant: OCEAN FRONT PROPERTIES LLC

(signature)

Approved as to form:

Date: 5-14 2019      LEGAL JUSTICE ADVOCATES, LLP

/s/Emerson E. Pimentel
**Emerson E. Pimentel, Esq.**
Attorney for Plaintiff, ANGELO DI VEROLI

/s/ Stamatios Stamoulis
**Stamatios Stamoulis, Esq.**
Attorney for Plaintiff, Angelo Di Veroli

Date: 5-8 2019      GERSTEIN GRAYSON COHEN & MELLETZ, LLP

(signature)
**ANDREW B. COHEN, ESQ.**
Attorney for Defendant, OCEAN FRONT PROPERTIES LLC

## ORDER ENFORCING CONSENT DECREE

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Date: _____ 2019

                                                Honorable Joseph H. Rodriguez
                                                United States District Court Judge

## EXHIBIT A

## REMEDIATION ADDENDUM AND POLICY TO BE EMPLOYED WITHIN TWELVE (12) MONTHS REGARDING THE OCEAN FRONT PROPERTIES, LLC'S HOTEL RESERVATIONS SYSTEM

Within the time frames set forth below, Ocean Front Properties, LLC ("Ocean Front") shall take steps to comply with the requirements at 28 C.F.R. Section 36.302(e) with regard to their hotel's online reservations system (the "Reservations System"). For purposes of this Exhibit A, the term Reservations System shall only refer to the internal reservations system controlled by Ocean Front and shall not apply to any systems, websites or other interfaces that are not controlled exclusively by Ocean Front and/or any of its affiliates. For the avoidance of doubt, Reservations System shall exclude any website for which Ocean Front does not have final and complete control over the display of any content or information. Ocean Front's compliance with these steps shall constitute full compliance with this regulation.

I. Ocean Front shall identify and describe accessible features in the hotels and accessible guest rooms offered through the Reservations System in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or accessible guest room meets his or her accessibility needs. Ocean Front shall meet this obligation by taking the following actions:

    A. With regard to accessible guest rooms, Ocean Front will perform an updated room inventory that identifies by room type which rooms are accessible, and for each such room type, which of the following accessibility or other features it has, if any:

1. Number of beds
2. Size of bed(s)
3. Roll-in shower or accessible tub with grab bars
4. Visual alarms and devices for the deaf or hard of hearing
5. Suite (if applicable)
6. Kitchen/kitchenette (if applicable)
7. View, if a particular hotel charges more for a room based on the view

Ocean Front shall meet the requirements of this Section I.A. within 90 days of entry of the Consent Decree. For the term of this Consent Decree, Ocean Front will continue to update the information collected pursuant to this paragraph I.A. upon any material reconfiguration of its room types.

    B. With regard to information concerning the accessibility of hotel facilities, Ocean Front's hotel Reservations System must be able to answer in substance the following questions:

1. Is the hotel's public entrance accessible?

2. Is the route from hotel's accessible public entrance to the following areas accessible?
   (a) accessible guestrooms;
   (b) all venues serving food and drink;
   (c) meeting room/ballroom area;

       (d) fitness center accessible;
       (e) swimming pools;
       (f) spas;
       (g) accessible parking spaces.

3. Are the following areas accessible?
       (a) restaurants;
       (b) fitness center;
       (c) swimming pools;
       (d) spas;
       (e) business center.

4. Do the accessible guest rooms for guests with mobility disabilities have doorways that provide at least 32" of clear width?

5. Is there accessible parking for cars in the self-parking facility?

6. Is there van accessible parking in the self-parking facility?

7. If provided, does the hotel and valet parking service accept vehicles specially outfitted for wheelchair users?

8. If the hotel provides transportation services, is it accessible for wheelchair users?

9. Does the hotel have TTYs for guest use?

10. Does the hotel provide assistive listening devices for meetings upon request?

11. Do the hotel's guest room televisions have closed captioning?

Ocean Front shall maintain the information obtained through such inquiries on the Reservations System and shall, at a minimum, display on its website the areas of hotel that reported as accessible. If there are areas or aspects of the hotel that are reported as not accessible, Ocean Front may either identify those areas or aspects on the Reservations System or include a statement on the Reservations System to the following effect: "There may be some aspects of the facility that are not fully accessible. For more information, please contact the hotel directly." Ocean Front shall take the actions set forth in this section I.B. within six months of entry of this Consent Decree.

II. Within one year of Consent Decree entry, Ocean Front will guarantee that the specific accessible guest room reserved through the Reservation System is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

III. If blocks of rooms allocated for specific groups do not contain accessible rooms and a member of the group requires an accessible room, Ocean Front will, upon request, include an accessible room meeting that group member's needs in the room block, if one is available. Ocean Front will charge the same rate for the accessible room as for a comparable non-accessible room.